# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AISULUU OMOKOEVA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No: |
| v. ) | |
| ) | |
| KRISTI NOEM, Secretary, U.S. Department of ) | |
| Homeland Security, *in her official capacity*; ) | **PLAINTIFF'S ORIGINAL** |
| ) | **COMPLAINT FOR WRIT IN THE** |
| JOSEPH B. EDLOW, Director, U.S. Citizenship ) | **NATURE OF MANDAMUS AND** |
| and Immigration Services, *in his official capacity*; ) | **VIOLATION OF THE** |
| ) | **ADMINISTRATIVE PROCEDURE** |
| PAMELA BONDI, Attorney General, ) | **ACT** |
| Office of Attorney General U.S. Department of ) | |
| Justice, *in her official capacity*; ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

## **INTRODUCTION**

NOW COMES, Aisuluu Omokoeva (hereinafter "Plaintiff Aisuluu Omokoeva" or "Plaintiff"), by and through the undersigned attorney in the above cause and states as follows:

1. This is a mandamus action to compel the Defendants and those acting under them to take all appropriate action to review and adjudication Plaintiff's Form I-730, asylee petition, filed on behalf of her spouse, Alybek Kalyk.

2. Plaintiff seeks an order compelling Defendants to adjudicate her pending Form I-730 without any further delay.

3. Plaintiff was admitted to the United States on February 1, 2016 with a B-2 visitor's visa at the John F. Kennedy Airport in New York, New York.

4. Prior to entering the United States, Plaintiff had been married to Talgat Akimov on November 17, 2013 in Kyrgyzstan. They were divorced in Kyrgyzstan on April 14, 2016.

5. On August 29, 2016, Plaintiff married her second husband, Aitbek Moldoev, in Chicago, Illinois. They were divorced in Cook County Circuit Court on August 15, 2019.

6. On October 16, 2019, Plaintiff and her third husband Alybek were married in Chicago, Illinois.

7. On October 21, 2019, Plaintiff was granted asylum by the U.S. Citizenship and Immigration Services Chicago Asylum Office. *See* Ex. A, Letter to USCIS dated 8/2/2025, with Form I-589 Approval Notice, and Form I-94, dated 10/21/2019.

8. On October 28, 2019, the USCIS Chicago Asylum Office notified Plaintiff

that her former spouse, Mr. Moldoev, was removed from Plaintiff's Form I-589. *See* Ex. A.

9. On January 6, 2020, Plaintiff filed her Form I-730 on behalf of her current spouse, Alybek Kalyk, with the USCIS Lincoln Service Center. *See* Ex. B, Letter to USCIS dated 8/2/2025, with Form I-730 receipt notice.

10. On February 12, 2024, Chicago USCIS Officer McElligott conducted an interview with Plaintiff and Mr. Kalyk regarding Plaintiff's Form I-730. *See* Ex. B. At the conclusion of the interview, Officer McElligott provided the Notice of Interview Results to Plaintiff. *See id*. The Notice of Interview Results, under the name of Field Office Director Kevin Riddle, indicated that Plaintiff's asylee petition was being held for review and that she would be contacted once a decision was made. *See id*.

11. USCIS's delay in adjudication of Plaintiff's Form I-730 asylee petition is a violation of its mandatory duty under the Immigration and Nationality Act and the Administrative Procedure Act.

12. Plaintiff filed her Form I-485, application to adjust status to become a lawful permanent resident, with the USCIS on November 4, 2020. *See* Ex. A. She appeared before Chicago USCIS Field Officer Arcangel for her Form I-485 interview on May 24, 2023. *See id*. At the end of her interview, Officer Arcangel provided her with a Notice of Interview Results, which informed Plaintiff that her case was being held for review. *See id*.

13. USCIS's delay in adjudication of Plaintiff's Form I-485 application for adjustment of status is a violation of its mandatory duty under the Immigration and Nationality Act and the Administrative Procedure Act.

## **JURISDICTION OF THIS COURT**

14. This is a civil action brought pursuant to 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff"). Jurisdiction is further conferred by 8 U.S.C. §1329 (jurisdiction of the district courts) and 28 U.S.C. §1331 (federal subject matter jurisdiction).

15. Jurisdiction is also pursuant to 5 U.S.C. §§555(b) and 702, the Administrative Procedure Act ("APA"). The APA requires USCIS to carry out its duties within a reasonable time. 5 U.S.C. §555(b) provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." USCIS is subject to 5 U.S.C. §555(b).

16. Section 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. §1252, does not deprive this court of jurisdiction. Under 8 U.S.C. §§1252(a)(5) and 1252(a)(2)(B), federal district courts lack jurisdiction to review either a final order of removal, or those immigration determinations specified to be in the discretion of the Attorney General or the Secretary of Homeland Security.

17. The present action is to compel adjudication of the unreasonably delayed Form I-730 asylee petition filed by Plaintiff on behalf of her husband as well as Plaintiff's Form I-485, application for adjustment of status. Plaintiff is not requesting review of either a removal order or of a discretionary determination, and therefore this Court retains original mandamus jurisdiction over this claim under 28 U.S.C. §1361.

18. Plaintiff and her spouse were scheduled for and appeared for their Form I-730 asylee petition interview on February 12, 2024 before the Chicago USCIS Field Office. In addition, Plaintiff was scheduled and appeared for her Form I-485 interview before the Chicago USCIS Field Office on May 24, 2023. The adjudication of Form I-730 and of Form I-485 is a purely ministerial and non-discretionary act which the government is under obligation to perform in a timely manner. See *Calderon-Ramirez v. McCament,* 877 F.3d 272 (7th Cir. 2017) ("The Administrative Procedures Act (APA) specifically states that, within a reasonable time, each agency shall proceed to conclude a matter presented to it. 5 U.S.C.S. § 555(b). Additionally, the APA provides, the reviewing court shall compel agency action unlawfully withheld or unreasonably delayed").

19. Venue is properly with this Court pursuant to 28 U.S.C. § 1391(e) because this is a civil action in which Defendants are employees or officers of the United States, acting in their official capacity; because a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Illinois; because Plaintiff resides with her current husband in Des Plaines, Illinois, which is located within the Northern District of Illinois; and because there is no real property involved in this action.

### **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

20. No exhaustion requirements apply to Plaintiff's Form I-730 complaint or to her Form I-485 complaint for a Writ of Mandamus. Nevertheless, Plaintiff submitted her inquiry regarding Form I-485 to USCIS on April 16, 2024, a Congressional inquiry was made on October 2, 2024, and she submitted another inquiry to the USCIS on August 2, 2025. *See* Ex. A. She submitted status inquiries regarding her Form I-730 to the USCIS

in June 2025 and again in August 2025. *See* Ex. B. These actions have not produced any results.

20. The Plaintiff is owed a duty: adjudication of her Form I-730 asylee petition filed on behalf of her husband with USCIS on January 6, 2020, more than 5.5 years ago and adjudication of her properly filed Form I-485 application to adjust status to lawful permanent resident of the United States which was duly filed with USCIS on November 4, 2020, almost 5 years ago. Defendants have unreasonably delayed and failed to adjudicate the Plaintiff's Form I-730 and her Form I-485. Plaintiff has no other adequate remedy available for the harm she seeks to redress: namely, the failure of USCIS to adjudicate her Form I-730 asylee petition and her Form I-485, application for adjustment of status, in a timely manner.

## PARTIES

21. Plaintiff is a citizen and national of Kyrgyzstan who resides in Des Plaines, Illinois.

22. Defendant United States Citizenship and Immigration Services (USCIS) is the agency responsible for adjudication of applications for adjustment of status that do not fall within the jurisdiction of the Executive Office for Immigration Review (EOIR).

23. Defendant Kristi Noem is the Secretary of the United States Department of Homeland Security ("DHS"), which includes the USCIS. She is sued in her official capacity as the Secretary of the DHS.

24. Defendant, Joseph B. Edlow, is the Director of the United States Citizenship and Immigration Services ("USCIS"), which is charged by law with the

6

statutory and regulatory obligation to review applications to adjust status. USCIS is the government agency responsible for a review of USCIS Form I-730 asylee petitions and USCIS Form-485 applications and has the sole authority to do so, under the statutes and regulations governing the conferral of affirmative applications for immigration benefits. She is sued in her official capacity.

25. Defendant Joseph B. Edlow is sued in his official capacity as the Director of the United States Citizenship and Immigration Services ("USCIS"). In this capacity, he has responsibility for the administration of the immigration laws pursuant to 8 U.S.C. §1103.

26. Defendant agency USCIS is made a party defendant for the purposes of obtaining full relief under the APA.

## FACTUAL HISTORY AND LEGAL BACKGROUND

27. USCIS has sole jurisdiction to adjudicate a Form I-730 asylee petition filed by an asylee on behalf of a spouse or a child. INA § 208(b)(3); 8 C.F.R. § 208.21.

28. Plaintiff was granted asylum on October 21, 2019 and remains an asylee. On January 6, 2020, Plaintiff filed Form I-730 on behalf of her current spouse, Alybek Kalyk. *See* Ex. B.

29. USCIS has jurisdiction to adjudicate an application for adjustment of status filed by any non-citizen, unless an immigration judge has jurisdiction under 8 C.F.R. § 1245.2(a)(l). *See* 8 C.F.R. § 245.2(a)(l)(i).

30. As such, USCIS maintains jurisdiction over an application for adjustment of status filed by a noncitizen who has been granted asylum. 8 U.S.C. § 1159(b); 8 C.F.R. § 209.2.

7

31. On November 4, 2020, Plaintiff filed her Form I-485, Application to Adjust Status based on her asylee status, with the Department of Homeland Security, U.S. Citizenship and Immigration Services. *See* Ex. A.

## CAUSES OF ACTION

### COUNT ONE: MANDAMUS

32. Plaintiff incorporates the allegations in the paragraphs above as though fully set forth here.

33. The mandamus statute permits a court to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. *See* 28 U.S.C. § 1361.

34. Defendants have a nondiscretionary duty to adjudicate Plaintiff's Form I-730, asylee petition, filed on behalf of her spouse.

35. Defendants have a nondiscretionary duty to adjudicate Plaintiff's Form I-485, application to adjust status.

36. Plaintiff has no other adequate remedy available to her to compel Defendants to adjudicate her Form I-730 petition or her Form I-485 application.

### COUNT TWO: ADMINISTRATIVE PROCEDURE ACT

37. Plaintiff incorporates the allegations in the paragraphs above as though fully set forth here.

38. Pursuant to 5 U.S.C. § 706(2)(A), a reviewing court shall "hold unlawful and set aside agency action... found to be arbitrary, capricious, an abuse of discretion or not otherwise in accordance with law."

39. By failing to give effect to the provisions of the Immigration and

Nationality Act, Defendants' failure to timely adjudicate Plaintiff's Form I-730 and Form I-485 violates the Administrative Procedures Act and constitutes agency action that is arbitrary, capricious, and contrary to law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court grant the following relief:

(1) Assume jurisdiction over this matter;

(2) Order Defendants to adjudicate Plaintiff's Form I-730, asylee petition, filed on behalf of her spouse, Alybek Kalyk, within 30 days of the Court's order;

(3) Order Defendants to adjudicate Plaintiff's Form I-485, application for adjustment of status, within 30 days of the Court's order;

(4) Award reasonable costs and attorney's fees as provided in the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C.§ 2412; and

(5) Grant such further relief as the Court deems just and proper.

Dated: October 13, 2025

Respectfully submitted,
Plaintiff Aisuluu Omokoeva
By her attorney:

_Julia Bikbova_

JULIA BIKBOVA
BIKBOVA LAW OFFICES PC
666 Dundee Road, Suite 708
Northbrook, IL 60062
Telephone (847) 730-1800
Email: julia@bikbovalaw.com

## VERIFICATION OF COMPLAINT

I, Julia Bikbova, Esq., state under penalty of perjury that I am the attorney for the Plaintiff, Aisuluu Omokoeva, in the foregoing complaint, and declare the facts alleged here to be true, except those made on information and belief, which I believe to be true, and further state that the sources of my information and belief are documents and information provided by this individual.

Dated: October 13, 2025          ___*Julia Bikbova*___

JULIA BIKBOVA
BIKBOVA LAW OFFICES PC
666 Dundee Road, Suite 708
Northbrook, IL 60062
Telephone (847) 730-1800
Email: julia@bikbovalaw.com